**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Thomas H. Bray, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR A TEMPORARY** |
| Portfolio Recovery Assoc. LLC, | ) | **RESTRAINING ORDER** |
| Lakifha Devone, Lamishya Mayes, | ) | |
| Bruce Johnson, Clifton Rodenburg, | ) | |
| Lisa Lauinger, Mandy R. Dendy, | ) | Case No.  1:08-cv-088 |
| Grace Lauinger, Charles Dendy, | ) | |
| Jessica Knutson, MBNA America Bank, | ) | |
| | ) | |
| Defendants. | ) | |

On October 22, 2008, the Plaintiff filed a pro se "Amended Complaint for Emergency Injunctive Relief for Violations of the Fair Debt Collection Practices Act." See Docket No. 3.  In his prayer for relief, he seeks a stay or a temporary restraining order enjoining the State district court from proceeding with debt collection action initiated by the Defendants.  On October 24, 2008, the Plaintiff filed a formal motion for a temporary restraining order.  See Docket No. 6.  The Court denies injunctive relief for the reasons set forth below.

**I.     LEGAL DISCUSSION**

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders.  Pursuant to Rule 65(b), the Court must look to the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant.  In determining whether to issue injunctive relief, the Court is required to consider "(1)

1

the threat of irreparable harm to the moving party; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant if the injunction is denied and the harm to other parties if the injunction is granted; and (4) the public interest." Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (citing Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*)).

The burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Id. (quoting Calvin Klein Cosmetics Corp. v. Lenox Laboratories, Inc., 815 F.2d 500, 503 (8th Cir. 1987).

All factors aside, Congress has enacted the Anti-Injunction Act which "is part of a scheme, formed by statutory and decisional law, that serves to forestall the frictions that would result from turf wars between federal and state courts over control of a particular case." In re BankAmerica Corp. Sec. Litig., 263 F.3d 795, 800 (8th Cir. 2001) (citing Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Engineers, 398 U.S. 281, 286 (1970)). Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." Canady v. Allstate Ins. Co., 282 F.3d 1005, 1013-14 (8th Cir. 2002) (quoting Atlantic Coast, 398 U.S. at 286-87). Even if a state court proceeding involves a federal issue, any doubt by the federal court as to the propriety of enjoining the state court action

should be resolved in favor of permitting the state court to determine the controversy.  Atlantic Coast, 398 U.S. at 297.  Moreover, "federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism." Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004).

In the present case, Bray requests that "there be a temporary restraining/injunctions order for the allotted ten (10) days pursuant to the Federal Rules of Civil Procedure 65 against the North Dakota District Court, County of Burleigh, South Central Judicial District and the Defendants in this action for action against Thomas H. Bray," and requests a hearing on the motion.  See Docket No. 6.  Bray contends that a temporary restraining order is necessary to protect him from "any and all irreparable damage, legal ramification, physical displacement, discomfort, any financial loss or retribution, inconvenience of any kind to his normal everyday functions . . . ." See Docket No. 6.

The Court finds that Bray has failed to satisfy any of the three exceptions under the Anti-Injunction Act.  First, the Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., does not expressly authorize this Court to enjoin state court proceedings.  Second, "[t]he 'necessary in aid of its jurisdiction' exception applies 'when a federal court has first obtained jurisdiction of a matter in controversy by the institution of suit.'" Hruby v. Larsen, 2005 WL 1540130, at * 2 (D. Minn. June 30, 2005) (citing Nat'l City Lines, Inc. v. LLC Corp., 687 F.2d 1122, 1127 (8th Cir. 1982)).  In the present case, the state action was pending at the time that Bray filed an action in federal court.  Therefore, the second exception is inapplicable.  Third, the Court has not previously issued a judgment with respect to this case, so there is no judgment to protect or effectuate.  This third exception is commonly known as the "relitigation" exception to the Anti-Injunction Act.  See Nat'l Basketball Ass'n v. Minnesota Prof'l Basketball, Ltd. P'ship, 56 F.3d 866, 871 (8th Cir. 1995).  The

relitigation exception is based upon the "'well-recognized concepts of res judicata and collateral estoppel,' and therefore permits federal courts to 'enjoin a state court from litigating claims and issues that the district court has already decided.'" Canady, 282 F.3d at 1014 (internal citations omitted) (emphasis added). Because the controversy has not been decided by this Court, there is no fear of relitigation.

## II.   CONCLUSION

The Court finds that it is barred from enjoining the State district court. None of the three exceptions to the Anti-Injunction Act apply, and the principles of comity and federalism render it inappropriate for this Court to enjoin a pending state action. Further, Bray has failed to satisfy any of the Dataphase factors to show that a temporary restraining order is warranted to enjoin the Defendants. For the reasons set forth above, the request for a temporary restraining order (Docket No. 6) or stay (Docket No. 3) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2008.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court